PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CHARLES E. LAWTON, Defendant and Appellant.

No. 6000. Argued June 4, 1936.—Decided November 13, 1936.

*F. Soto Gras* and *R. Díaz Collazo* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The prosecuting attorney-at-large filed a complaint in which he alleged that on one of the days of the month of

September, 1931, while occupying the office of Director General of the Banco Comercial of Puerto Rico, the defendant took a loan from the funds of such bank in the sum of $850, without the approval of an absolute majority of the directors of such banking institution, without the approval of the finance committee, and without the approval of the committee appointed by such bank to consider and authorize loans. It is alleged that such facts constitute a violation of Section 15 (Sub-section 4) of Act No. 18 of 1923 (Laws of 1923, special session, page 82), as amended by Act No. 68 of 1925 (Laws, page 352), which reads as follows:

"No director, officer, agent or employees of a bank or foreign bank shall sell or discount any obligation to such bank or obtain a loan in such bank or foreign bank, without the approval of an absolute majority of the directors thereof, or of the finance or other committee regularly appointed for the consideration and authorization of loans. Any person wilfully violating the provisions of this paragraph shall be guilty of a misdemeanor and shall be punished by a fine equal at least to twice such amount as shall have been obtained by him, or by imprisonment for a period not to exceed two years, and the officer; agent, or employee of the bank or foreign bank granting such loan, shall be guilty of misdemeanor, and shall be punished by a fine equal to twice such amount as may have been loaned, and by imprisonment for a period not to exceed two years."

Having been sentenced to the payment of a fine of $1,700, and in default thereof to one day in jail for each dollar unpaid, provided that such imprisonment should not exceed 90 days, the defendant appealed.

Nine errors are assigned and discussed in appellant's brief. The first five errors and the 7th are in connection with the admission of evidence; the sixth bears upon the refusal of the court to direct the immediate discharge of the defendant.

The sole witness for the prosecution was Mr. Juan Diez de Andino, who testified:

That on the date referred to in the information, the witness was occupying the position of Sub-manager of the Banco

Comercial of which the defendant was Managing Director; that on September 10, 1931, the defendant, in his official capacity, ordered him to issue a letter of credit for $850 in favor of his daughter, Eleonor Lawton; that the witness issued the letter of credit, delivered it to the defendant, who delivered it to his daughter; that on the 16th of that month Miss Lawton collected $50 from the Chase National Bank, in New York, against such letter of credit, the remaining $800 having been paid to Miss Lawton by the same bank on September 24, 1931; that when notices were received that the amount of the letter of credit had been paid, the witness requested the defendant to deliver to him $850 for delivery to the Chase National Bank and that the defendant then ordered him to charge them to his account in "items in suspense," which the witness did, charging $850 to the defendant's account, in "items in suspense," and crediting an equal amount to the account of the Chase National Bank with the Banco Comercial; that the phrase "items in suspense" means that the amount so lent is in suspense, that it is pending; that since the witness did not receive the $850 in cash, he had to charge that amount, according to the defendant's instructions, to his account in "items in suspense."

Upon cross examination by the defense, he said: That what the witness issued to the defendant was a blank letter of credit, of those used by the Banco Comercial, that he had in trust; that such letters of credit came from the Chase National Bank in Puerto Rico, with a limit of $5,000, and were simply an order of payment from the Banco Comercial to the Chase National Bank, which was the bank bound to make the payment; that such letters of credit were not returned to the Comercial and remained on file in the Chase after the order of payment had been complied with, and that the letter of credit issued in this case is there in the Chase files; that the request of the defendant for the issuance of the letter of credit was made verbally; that the witness did not have the consent of any other person to issue the letter

of credit; that the witness issued the letter of credit and caused the issuance to appear on the book carried in the bank for that purpose; that the defendant had other credit operations with the same bank which were also set up as items in suspense.

The defendant averred in his defense that the loan had been authorized by the vote of a majority of the members of the Finance Committee of the bank, and to establish such defense, offered in evidence an affidavit signed by Messrs. W. Körber, M. Camblor, E. Adsuar and J. León, who therein state that on September 10, 1931, the defendant asked the Executice Committee to authorize the issuance of a letter of credit for $850 and that the witnesses, as members of such Executive Committee, duly authorized the transaction. The aforesaid affidavit having been rejected the defendant then presented Mr. William Körber, who testified:

That he was Vice President of the Banco Comercial and member of the Executive Committee; that such committee met on September 10, 1931, and that at such meeting the defendant, Mr. Camblor, Mr. Adsuar, Mr. León and the witness were present; that the defendant asked for the letter of credit in question, and that the committee told him yes, that he was authorized to secure such letter, as he had done in previous years; that in other years he had asked for similar letters for his daughter; (upon cross examination by the prosecuting attorney) that the Executive Committee had a book in which it recorded all of its resolutions; that the minutes of the meeting of September 10, 1931, were drawn up and that all of the resolutions adopted were made to appear therein with the exception of that referring to the letter in question.

At the conclusion of the testimony of the witness William Körber, the prosecuting attorney and counsel for the defense stipulated that Messrs. Adsuar, Camblor and León, who together with Mr. Körber constitute a majority of the members of the Executive Committee of the bank, would, if they

had been called to testify, have given the same testimony as that given by Mr. Körber.

A careful study of the evidence offered by the prosecuting attorney to sustain the charge brings us to the conclusion that the court below erred in refusing to direct the immediate discharge of the defendant. It was not sufficient for the prosecuting attorney to prove the fact of the making of the loan. In addition it was necessary to prove, as an essential element of the defense, that the defendant had taken the sum of $850, as a loan, and without the consent of a majority of the directors or officers of the bank empowered to consider and grant loans. The fact that in the minute books of the bank there appeared no record of the approval of the loan to the defendant, is not in and of itself sufficient to establish the lack of authorization. In addition to the insufficiency just pointed out, the defendant proved by the testimony of a majority of the Executive Committee of the bank that they had approved the loan, as had been done in previous years. Their testimony was not attacked or controverted and the court below should have believed them.

We are not convinced that the defendant has committed the offense with which he is charged and are of the opinion that the judgment appealed from should be reversed and the defendant discharged.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.